**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA et al.,

      Plaintiffs,

          v.

BANK OF AMERICA, NATIONAL
ASSOCIATION et al.,

      Defendants.
_____

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 13-1586 (SRC)

**OPINION & ORDER**

**CHESLER, U.S.D.J.**

     This matter comes before this Court on the motion by Plaintiff The Prudential Insurance

Company of America ("Prudential") for reconsideration of the Opinion and Order entered on

April 17, 2014.  For the reasons stated below, the motion will be granted.

     "A court may grant a motion for reconsideration if the moving party shows one of the

following: (1) an intervening change in the controlling law; (2) the availability of new evidence

that was not available when the court issued its order; or (3) the need to correct a clear error of

law or fact or to prevent manifest injustice."  See Banda v. Burlington County, 263 Fed. Appx.

182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.

1999)); L. CIV. R. 7.1(i).

     On April 17, 2014, this Court granted in part and denied in part Defendants' motion to

dismiss the Complaint.  Prudential seeks reconsideration only of the decision to dismiss the

negligent misrepresentation claim with prejudice, contending that the dismissal should be

without prejudice so that it may replead that claim.  In short, Prudential argues that this Court

made an error of fact in inferring that all sales transactions at issue were between a Plaintiff entity and a Defendant entity, and that an exhibit to the Complaint of purchase dates suggested that purchases may have been made from third-party brokers.  Prudential asks for a dismissal without prejudice so that it might replead the claim and highlight such facts.  Defendants oppose reconsideration, contending that the failure to make the facts clear was Prudential's error, and not the Court's.

Prudential has persuaded this Court that there is reason to believe that this Court's decision to dismiss the negligent misrepresentation claim with prejudice was based upon a factual error.  This Court need not decide this motion based on an analysis of who is to blame for that error; at this juncture, this Court is satisfied that it is in the interest of justice to grant the motion for reconsideration so that the negligent misrepresentation claim may be amended to include or highlight all relevant facts.  Defendants also argue that amendment is futile, but this Court prefers to consider the legal sufficiency of the claim after repleading.

The motion for reconsideration is granted, and the Court's Order entered on April 17, 2014 will be modified to reflect that the negligent misrepresentation claim is dismissed without prejudice.  Plaintiffs are granted leave to replead this claim within 30 days of the date of entry of this Order.

For these reasons,

**IT IS** on this 2nd day of July, 2014

**ORDERED** that Prudential's motion for reconsideration (Docket Entry No. 62) is **GRANTED**; and it is further

**ORDERED** that this Court's Order entered on April 17, 2014 is hereby **MODIFIED** to

reflect that the fourth count in the Complaint, for negligent misrepresentation, is **DISMISSED** without prejudice, and Plaintiffs are granted leave to replead this claim within 30 days of the date of entry of this Order.

                                                                  __s/ Stanley R. Chesler__
                                                                 Stanley R. Chesler, U.S.D.J.