UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., | |
| Plaintiffs, | Civil Action No. 13-1586 (SRC) |
| v. | |
| | OPINION |
| BANK OF AMERICA, NATIONAL ASSOCIATION et al., | |
| Defendants. | |
| PRUDENTIAL INVESTMENT PORTFOLIOS 2 et al., | |
| Plaintiffs, | Civil Action No. 14-4242 (SRC) |
| v. | |
| BANK OF AMERICA, NATIONAL ASSOCIATION et al., | |
| Defendants. | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on two motions to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6). The motions have been filed in two related cases: 1) in Civil Action No. 13-1586, the motion to dismiss the First Amended Complaint ("FAC") by Defendants Asset Backed Funding Corporation, Banc of America Funding Corporation, Bank of America Mortgage Securities Inc., Bank of America, National Association, First Franklin Financial Corporation, Merrill Lynch &

Co., Inc., Merrill Lynch Mortgage Capital, Inc., Merrill Lynch Mortgage Investors, Inc., Merrill Lynch Mortgage Lending, Inc., and Merrill Lynch, Pierce, Fenner & Smith, Inc. (collectively, "Defendants."); and 2) in Civil Action No. 14-4242, the motion to dismiss the Complaint by the same Defendants.  The Court heard oral argument on the motions on December 16, 2014.  For the reasons stated below, the motions will be granted in part and denied in part.

## BACKGROUND

In a nutshell, this case arises from a dispute over the sale of certain residential mortgage-backed securities ("RMBS") by Defendants to Plaintiffs.  Civil Action No. 14-4242 is the offspring of the previously-filed Civil Action No. 13-1586.  Plaintiffs Prudential Investment Portfolios 2 and the Prudential Series Fund had originally joined in the previously-filed action, but subsequently refiled their claims in state court; that case was removed by Defendants to this Court, and is Civil Action No. 14-4242.  The parties agree that, for purposes of this motion, the First Amended Complaint in Civil Action No. 13-1586 and the Complaint in Civil Action No. 14-4242 are virtually identical.  The parties have filed the same briefs in both cases in regard to these motions.

## STANDARD OF REVIEW

**I.      Motion To Dismiss Under Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  A Rule 12(b)(6) motion to dismiss

should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted).

Factual allegations must be well-pleaded to give rise to an entitlement to relief:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the

3

complaint, and matters of public record.  Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy."  New York v. Hill, 528 U.S. 110, 118 (2000).  Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## DISCUSSION

**I.     Unamended claims**

Defendants first argue that certain previously dismissed claims, which have been reasserted in the FAC but not amended, should be dismissed with prejudice.  The FAC states:

> Prudential concedes that its title-transfer claims, its New Jersey RICO claims, and its 1933 Act claims as to the MLMI 2006-MLN1 Offering have been dismissed.  Prudential does not seek to amend its allegations to revive those claims . . .

(FAC p. 1 at n.1.)  Prudential does not oppose this request.  This Court infers that Prudential concedes that amendment of these claims is futile, and that dismissal with prejudice is appropriate.  These reasserted but unamended claims will be dismissed with prejudice.

## II. The common law fraud claims

    A.    Do Plaintiffs fail to adequately plead falsity or scienter relating to occupancy?

This Court had dismissed without prejudice the common law fraud claims which alleged misrepresentation with regard to owner occupancy. Defendants contend that the amended claims still fail to allege falsity – that Defendants, in the Offering Materials, misrepresented what borrowers had reported to them. In opposition, Prudential simply repeats the argument that this Court already rejected. Prudential continues to confuse borrowers' statements of future intent to occupy the property, made at the time of application, with possible signs of non-occupancy after closing.[1] As Defendants contend, the fact that later investigation revealed substantial discrepancies between the statements of intent to occupy prior to closing and signs of non-occupancy after closing does not make plausible the claim that "Defendants and their Originators knew borrowers were misrepresenting their intent to live at the property." (FAC ¶165.) The FAC continues to allege no facts that suggest that Defendants knew that the statistics summarizing statements of intent to occupy at the time of application were false when disclosed in the Offering Materials. As to the claims of common law fraud through misrepresenting owner occupancy, Plaintiffs have failed to adequately alleged falsity, and these claims will be dismissed.

    B.    Do Plaintiffs fail to adequately plead a misrepresentation relating to appraisals?

This Court had dismissed without prejudice the common law fraud claims which alleged misrepresentation with regard to appraisals. Defendants contend that the amended claims still

---

[1] The allegations based on miscellaneous property data obtained after closing do not make plausible that Defendants knew before closing that borrowers were misrepresenting their intent to live at the property.

5

fail to allege falsity, arguing that the post-hoc computer analysis offered in the FAC still does not adequately support the inference that Defendants knew at the time of disclosure that their representations in the Offering Materials were false.

Defendants are correct. The FAC contains some additional information about the AVM analysis, but this does not remedy the defect presently in focus. As Defendants contend, the facts alleged do not make plausible a scenario in which a vast network of appraisers conspires to inflate property appraisals, and that Defendants knew at the time of this systematic misrepresentation, but which is evidenced not by witness reports from any of the alleged participants, but only by the results of an after-the-fact computer analysis. The FAC does not adequately plead facts which make large-scale appraisal misrepresentation plausible. As to the claims of common law fraud through misrepresenting appraised property values, Plaintiffs have failed to adequately allege falsity, and these claims will be dismissed.

    C.    Do Plaintiffs fail to adequately plead a misrepresentation relating to credit ratings?

This Court had dismissed without prejudice the common law fraud claims which alleged misrepresentation with regard to credit ratings. The theory before, as now, was that Defendants knowingly supplied false data to the ratings agencies and knew that the resulting credit ratings were "garbage." The problem before, as now, is that the FAC fails to allege adequate factual support for the theory. This Court again finds that the FAC fails to allege sufficient facts to support the allegation of falsity of the owner occupancy and appraisal data. Plaintiffs argue that this Court has overlooked the fact that it has found the claims of misrepresentation of underwriting abandonment to be sufficiently pled. The FAC, however, fails to plead sufficient facts to make plausible the inference that Defendants knowingly misrepresented the facts with

regard to underwriting standards in their dealings with the credit rating agencies.  As to the claims of common law fraud through misrepresenting information related to credit ratings, the FAC does not adequately allege sufficient facts, and these claims will be dismissed.

> D. Do Plaintiffs fail to adequately plead a misrepresentation relating to third-party securitizations?

Defendants contend that, as to 21 of the securitizations, a Defendant served only as the underwriter, and not as the sponsor, depositor, and issuer as well, who are third parties. Defendants argue that, as to these securitizations, the FAC fails to plead a strong inference of scienter as to any alleged misstatement.

In opposition, Plaintiffs contend that, as to the underwriting abandonment theory, the underwriter-only argument functions as an untimely motion for reconsideration.  This is unpersuasive.  In making the underwriter-only arguments, Defendants do not seek to reopen an issue that was already litigated and decided by this Court.  No party raised the underwriter-only issue on the previous motion to dismiss; it was neither litigated nor decided.  "The law of the case doctrine limits relitigation of an issue once it has been decided in an earlier stage of the same litigation."  Hamilton v. Leavy, 322 F.3d 776, 786 (3d Cir. 2003).  The doctrine may not be used to bar the raising of previously unseen issues.  No issue is being relitigated here.

Rather, Defendants have raised a new issue about the validity of the FAC in regard to the 21 securitizations.  Indeed, the FAC does not specify which Defendant made each representation at issue.  Rather, it contains very general statements about what part each category of Defendant played in the entire production process (sponsor, depositor, underwriter) for all securitizations. (FAC ¶¶ 97-102).  These are only conclusory assertions.  The FAC pleads no specific facts, with regard to the 21 securitizations, to make plausible the claim that Defendants, as underwriters,

7

made the misrepresentations alleged, or had the required scienter. The FAC does not plead facts indicating that, for these securitizations, the Defendant underwriters had knowledge of the origination practices of the particular third-party originators.

As to the claims of misrepresentation, related to the underwriting abandonment theory, in regard to these 21 securitizations, the FAC fails to state a valid claim under Twombley. Because this argument was not raised on the prior motion to dismiss, these claims will be dismissed without prejudice, and Plaintiffs will be given leave to replead these claims only.

### III. The negligent misrepresentation claims arising from purchases from third parties

In deciding the previous motion to dismiss the Complaint, this Court dismissed the negligent representation claims with prejudice, holding that they fell within the scope of the "special relationship" exception to the rule of nonrecovery for purely economic loss, and that, under New Jersey law, this exception was limited to parties not in privity. Plaintiffs moved for reconsideration, arguing that, because some of the sales were not direct, but through third party brokers, this principle may not bar all such claims; the Court then modified the dismissal to make it one without prejudice. The FAC pleads a new theory of negligent misrepresentation that applies to the category of sales transactions where privity between Plaintiffs and Defendants was absent.

Defendants move to dismiss these claims on several grounds. One argument that succeeds relies on Restatement (Second) of Torts § 552 which, Defendants contend, courts in New Jersey have relied on in negligent misrepresentation cases,[2] and which bars these claims. Crucially, Plaintiffs, in opposition, do not contest the relevance of § 552; rather, they contend

---

[2] See, e.g., Petrillo v. Bachenberg, 139 N.J. 472, 484 (1995).

only that these claims do fall within its scope. This section states:

> § 552 Information Negligently Supplied for the Guidance of Others
>
> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
> (2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
>
> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
>
> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
> (3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

Restatement (Second) of Torts § 552 (1977). Plaintiffs argue that the FAC alleges that Defendants supplied false information for the guidance of others, and therefore these claims fall within the section's scope. Plaintiffs, however, have overlooked the limitation provision, § 552(2)(a), which materially limits the reach of § 552(1). The Restatement thus restricts liability to loss suffered by either: 1) the person who the provider of information informs; or 2) the <u>limited</u> group of persons that the provider knows to be people who the recipient intends to supply the information to. The FAC pleads no facts indicating that Defendants knew that the direct recipients of their disclosures intended to supply the information to a limited group, which includes Plaintiffs.

This understanding of this limiting principle is consistent with the New Jersey Supreme

Court's definitive formulation of the economic loss doctrine under New Jersey law:

> We hold therefore that a defendant owes a duty of care to take reasonable measures to avoid the risk of causing economic damages, aside from physical injury, to particular plaintiffs or plaintiffs comprising an identifiable class with respect to whom defendant knows or has reason to know are likely to suffer such damages from its conduct. . . .
>
> We stress that an identifiable class of plaintiffs is not simply a foreseeable class of plaintiffs. For example, members of the general public, or invitees such as sales and service persons at a particular plaintiff's business premises, or persons travelling on a highway near the scene of a negligently-caused accident, such as the one at bar, who are delayed in the conduct of their affairs and suffer varied economic losses, are certainly a foreseeable class of plaintiffs. Yet their presence within the area would be fortuitous, and the particular type of economic injury that could be suffered by such persons would be hopelessly unpredictable and not realistically foreseeable. Thus, the class itself would not be sufficiently ascertainable.  An identifiable class of plaintiffs must be particularly foreseeable in terms of the type of persons or entities comprising the class, the certainty or predictability of their presence, the approximate numbers of those in the class, as well as the type of economic expectations disrupted.

People Express Airlines v. Consol. Rail Corp., 100 N.J. 246, 263-264 (1985).

In opposition, Plaintiffs begin their discussion of People Express by arguing that the "particularized foreseeability" standard is inapplicable here.  (Pls.' Opp. Br. 34.)  Plaintiffs have misread People Express, which clearly states that "[a]n identifiable class of plaintiffs must be particularly foreseeable . . ."  100 N.J. at 264.  Plaintiffs next argue, in the alternative, that they are indeed members of such a class.  This Court does not agree.  People Express requires that the class itself must be "sufficiently ascertainable."  Id.  Plaintiffs have not argued, nor could they reasonably, that the class of all potential RMBS investors is ascertainable.  It is, instead, literally limitless.  The New Jersey Supreme Court stated its policy goals in formulating New Jersey's version of the economic loss doctrine as follows: "the categorization here [is] devised to circumscribe a defendant's orbit of duty, limit otherwise boundless liability and define an

identifiable class of plaintiffs that may recover." Plaintiffs' position is inconsistent with these goals: Plaintiffs advocate an orbit of duty and liability that are limitless, and a class that is undefined and not identifiable. This Court holds that the unlimited class of all potential securities buyers is not particularly foreseeable, within the meaning of People Express.

While People Express was an accident case, Defendants also cite an Appellate Division decision in a securities case, Kaufman v. I-Stat Corp., 735 A.2d 606, 613 (N.J. Super Ct. App. Div. 1999), rev'd on other grounds, 165 N.J. 94 (2000). In Kaufman, the Appellate Division considered a negligent misrepresentation claim by securities purchasers against an accountant responsible for financial statements. Id. at 607. Noting that the New Jersey Supreme Court was "[m]indful of the danger of potentially-unlimited liability"[3] in such cases, the Appellate Division concluded: "we decline to adopt a rule of liability which would create expansive potential liability for negligent misrepresentations that may affect the price of securities." Id. at 613.

Lastly, as Defendants argue, Restatement § 552(1) creates liability only for "[o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions . . ." Applying this to the instant case, the question is whether Defendants are alleged to have supplied false information for the guidance of others in their business transactions. Defendants were in the business of marketing securities. They were not in the business of supplying guidance to others in their business transactions, as lawyers and accountants are, and do not come within the scope of § 552.

---

[3] Petrillo, 139 N.J. at 484.

11

The FAC does not state any valid claim for negligent misrepresentation. As to the direct transactions between Plaintiffs and Defendants, this Court has held that the parties are in privity, and no claim for negligent misrepresentation can lie under New Jersey law. As to the third-party transactions, the FAC does not plead facts to make plausible a claim that Plaintiffs fall within an identifiable and particularly foreseeable class. The claims for negligent misrepresentation will be dismissed with prejudice.

### IV.   Other claims

Defendants move to dismiss the second count of the FAC, for aiding and abetting common law fraud. In deciding the previous motion to dismiss, this Court held that the second count offered only conclusory assertions to support the claim that Defendants aided and abetted fraud. This is still the case. The FAC does not make clear who did what to aid and abet the making of which misrepresentations in the Offering Materials. Under Twombly, this claim must be dismissed. Because Plaintiffs have now had an opportunity to amend the claim, and the amended claim is still not valid, this Court concludes that further amendment is futile, and the second count will be dismissed with prejudice.

Defendants next move to dismiss the third count in the FAC, for equitable fraud, but make two points that only state the obvious. It is correct that there can be no rescission of a contract where no contract exists. It is also correct that Plaintiffs cannot assert a claim for equitable fraud involving a category of fraudulent misrepresentation which this Court has dismissed for failure to sufficiently allege falsity. No decisions are called for at this juncture.

It is also true that Plaintiffs cannot assert a 1933 Act claim involving a category of false statement for which this Court has dismissed the common law fraud claim for failure to

12

sufficiently allege falsity.

## CONCLUSION

For the reasons stated above, in Civil Action No. 13-1586, Defendants' motion to dismiss the First Amended Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), is granted in part and denied in part. Also, in Civil Action No. 14-4242, Defendants' motion to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), is granted in part and denied in part. The following conclusions apply to both actions. As to the previously dismissed and unamended claims, the motion to dismiss is granted, and those claims are dismissed with prejudice. As to the common law fraud claims, the claims of misrepresentation relating to occupancy, appraisals, and credit ratings are dismissed with prejudice. As to the common law fraud claim on the underwriting abandonment theory, for the 21 underwriter-only securitizations, the motion to dismiss is granted, and that part of that claim only is dismissed without prejudice. As to the third count, for equitable fraud, the motion to dismiss is denied. As to the fourth count, for negligent misrepresentation, the motion to dismiss is granted, and that claim is dismissed with prejudice. Plaintiffs are granted leave to file an Amended Complaint within 45 days of the date of entry of this decision.

    s/ Stanley R. Chesler  
    Stanley R. Chesler, U.S.D.J.

Dated: February 5, 2015